IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN OLIVER, | : | Civil No. 1:22-CV-01436 |
| Plaintiff, | : | |
| v. | : | |
| MIKE ARDITO, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court the motion to dismiss the amended complaint in this action filed by Defendant Trinity Services Group ("Trinity"). (Doc. 30.) Despite numerous extensions of time granted for Plaintiff to respond, this motion is unopposed. (Docs. 34, 37, 42, 44, 47, 51.) The amended complaint at issues fails to raise claims against Defendant Trinity upon which relief can be granted. Additionally, Plaintiff has failed to provide the court an address to allow proper service to Defendant Mike Ardito ("Ardito"). (Doc. 51.) Therefore, the court will dismiss the amended complaint in full and grant Plaintiff leave to file a second amended complaint.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Brian Oliver ("Plaintiff"), a pretrial detainee held at Schuylkill County Jail at the time of the alleged misconduct,[1] initiated this action in September of 2022 by

---

[1] Plaintiff is now incarcerated at State Correctional Institution Phoenix ("SCI-Phoenix") in Collegeville, Pennsylvania.

1

filing a complaint in the Eastern District of Pennsylvania against Defendants Trinity and Ardito alleging that the food he was being served at Schuylkill County Jail was not kosher and violated his rights protected by the First Amendment, the Fourteenth Amendment, the Religious Freedom Restoration Act, and the Religious Land Use and Institutional Person Act ("RLUIPA").  (Doc. 2.)  Defendant Trinity is a private corporation providing food services to Schuylkill County Jail.  (Doc. 31, p. 5.)[2]  Defendant Ardito was the kitchen manager at Schuylkill County Jail.  (Doc. 2, p. 2; Doc. 31, p. 2.)[3]  Plaintiff alleges that Defendants were aware that he practiced Judaism and that he had been approved for a religious accommodation in the form of a kosher diet.  (Doc. 2, p. 4.)  He further alleges that despite this knowledge, Defendants put unkosher food on his tray and served unkosher food to him on a daily basis.  (*Id*.)

On September 15, 2022, the Eastern District of Pennsylvania transferred the action to this district.  (Doc. 5.)  On October 25, 2022, this court entered an order granting Plaintiff *in forma pauperis* status and directing service of the complaint on the Defendants.  (Doc. 9.)  On December 1, 2022, Defendant Trinity filed a waiver of service.  (Doc. 17.)  On December 7, 2022, the court ordered the United States Marshals Service to serve Defendant Ardito.  (Doc. 19.)  On March 22,

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[3] Defendant Trinity identifies Defendant Ardito as a "former employee."  (Doc. 31, p. 2.)

2023, the United States Marshals Service returned the process unexecuted. (Doc. 33.)

Plaintiff filed an amended complaint on February 22, 2023. (Doc. 28.) This amended complaint alleges that between May of 2022 and October of 2022, Defendant Trinity violated his rights protected by the First Amendment, Fourteenth Amendment, and the RLUIPA. (*Id.*) He alleges that Defendant Ardito would prepare his food in the same prep area as non-kosher food resulting in cross-contamination, and that he would be served non-kosher foods. Plaintiff alleges that when he confronted Defendant Ardito about this, Defendant Ardito claimed he was "following the menu from corporates custom practice and menu." (*Id.*, p. 2.) Plaintiff alleges that he complained to the corporate office, but these complaints "fell on deaf ears," and he continued to be served non-kosher meals. (*Id.*)

On March 8, 2023, Defendant Trinity filed a motion to dismiss the amended complaint and a brief in support. (Docs. 30, 31.) Plaintiff failed to file a brief in opposition, so the court entered an order directing Plaintiff to file a brief in opposition. (Doc. 34.) Subsequently, Plaintiff filed five motions for an extension of time, which the court granted each time. (Docs. 36, 37, 40, 42, 43, 44, 45, 47, 50, 51.) In the final order granting an extension of time, the court ordered the brief in opposition be filed by October 18, 2023, and cautioned Plaintiff that he would be required to provide good cause in future motions for an extension of time.

(Doc. 51.) Despite this, Plaintiff failed to file a brief in opposition by the October 18, 2023 deadline. Therefore, Defendant Trinity's motion to dismiss the amended complaint is deemed unopposed. *See* Local Rule 7.6.

The court will now address the pending motion and dismiss the amended complaint.

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Schuylkill County Jail, located in Schuylkill County, Pennsylvania, which is in this district. See 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. Claims Against Defendant Trinity Will Be Dismissed Without Prejudice.

In order to state a § 1983 claim against Defendant Trinity for actions taken by its employees, the plaintiff must allege that Defendant Trinity had in place a policy or custom that deprived him of a constitutional right. *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 583–84 (3d Cir.2003) (citing *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978). Plaintiff fails to allege sufficient facts regarding any such a policy or custom. Plaintiff only claims that Defendant Ardito stated that he was "following the menu from corporates custom practice and menu." Additionally, Plaintiff alleges the following:

> I called the Trinity Services Group Corporate Office and [made] a complaint about being served non kosher food and contaminated food in their kosher meal plan and that it is not compliant with kosher laws and as policy makers that they are responsible to provide their employees with an adequate Jewish kosher diet meal plan and that they are responsible for training their employees on the proper way how to prepare kosher food and what kosher food is. . .

(Doc. 28, p. 2.) He then states that these complaints "fell on deaf ears." (*Id.*) The second amended complaint fails to allege any policy or custom that deprived Plaintiff of his constitutional rights. Instead, the second amended complaint merely implies the existence of some undefined policy or customs based on the alleged statement of Ardito. This is insufficient to survive a Rule 12(b)(6) challenge. Therefore, all claims against Trinity will be dismissed.

## B. Claims Against Defendant Ardito Will be Dismissed Without Prejudice.

Despite the court's requests to update the address of Defendant Ardito in order to complete service, Plaintiff has failed to provide the required information. Therefore, service has not been completed.

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Over 90 days have passed since the filing of the amended complaint in February of 2023.  Plaintiff was provided notice of a potential dismissal if he failed to provide the court with an address for serving Defendant Ardito on September 20, 2023.  (Doc. 51.)  Based on Plaintiff's failure to respond, the court will dismiss the claims against Defendant Ardito without prejudice.

### Conclusion

For the foregoing reasons, Defendant Trinity's motion to dismiss the claims raised against it in the amended complaint will be granted, and the claims raised against Defendant Ardito will be dismissed without prejudice.  Therefore, the amended complaint will be dismissed without prejudice.

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.  Therefore, Plaintiff will be given an opportunity to file a second amended complaint curing the defects set forth above prior to the court dismissing the complaint with prejudice and closing the case.

Plaintiff will be granted thirty (30) days to file the second amended complaint.  The second amended complaint shall bear the same case number presently assigned to this action, shall be labelled as the "Second Amended Complaint."

An appropriate order will follow.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:  November 28, 2023